08-4595-ag
Ahmed v. Holder

BIA
Elstein, IJ
A073 533 203

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand ten.

PRESENT: DENNIS JACOBS,
    <u>Chief Judge</u>,
  JON O. NEWMAN,
  RALPH K. WINTER,
    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X

SHAMEEM AHMED,
  <u>Petitioner</u>,

  -v.-        08-4595-ag
            NAC

ERIC H. HOLDER, JR., United States Attorney General,<sup>*</sup>
  <u>Respondent</u>.

- - - - - - - - - - - - - - - - - - - - - -X

---

<sup>*</sup> Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**   Durga Prasad Bhurtel, Chhetry &
                     Associates, P.C., New York, NY.

**FOR RESPONDENT:**   Brianne Whelan Cohen, Trial Attorney
                     (Michael F. Hertz, Acting Assistant
                     Attorney General, Civil Division, William
                     C. Peachey, Assistant Director), Office
                     of Immigration Litigation, United States
                     Department of Justice, Office of
                     Immigration Litigation, Washington, D.C.

   **UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED.**

   Petitioner Shameem Ahmed, a native and citizen of Bangladesh, seeks review of an August 19, 2008 order of the BIA affirming the October 10, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Shameem Ahmed, No. A073 533 203 (B.I.A. Aug. 19, 2008), aff'g No. A073 533 203 (Immig. Ct. N.Y. City Oct. 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

   When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination, see Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

   The IJ's adverse credibility finding was based primarily on a letter summarizing the findings of a consular investigation team ("consular report"). The consular report concluded that a medical document submitted by Ahmed in support of his application was not genuine. According to the consular report, the medical document did not conform to the format of the hospital's admissions certificate. Although the hospital had a patient record for Ahmed, that record indicated Ahmed was admitted two days earlier than he

2

had alleged and that he had been treated for "three perforations" rather than injuries related to an alleged beating.

Generally, an IJ may draw a negative inference regarding the authenticity of the remainder of an applicant's uncorroborated evidence when it is established that the applicant submitted a fraudulent document. See Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir. 2007). In this case, however, the consular report is insufficiently reliable to support an adverse credibility determination under the substantial evidence standard. Zhen Nan Lin v. U.S. Dep't of Justice, 459 F.3d 255, 270-72 (2d Cir. 2006). The following "non-exhaustive" factors "provide an analytical framework for assessing the reliability of an investigative report:" "(i) the identity and qualifications of the investigator(s); (ii) the objective and extent of the investigation; and (iii) the methods used to verify the information discovered." Id. at 271 (relying on Memorandum from Bo Cooper, INS General Counsel, to Jeffrey Weiss, INS Director of Int'l Affairs, Confidentiality of Asylum Applications and Overseas Verification of Documents and Application Information 6-7, (June 21, 2001)).

The consular report sufficiently describes the objective and extent of the consular investigation, thereby satisfying the second factor. But the consular report presents no information regarding the identity or qualifications of the "consular investigation team." See Zhen Nan Lin, 459 F.3d at 271 (finding insufficiency where a consular report included "the names and titles of the investigators," but lacked any "information regarding their competency or qualifications"). It is merely a letter from Nadia Tongour, Director of the Office of Country Reports and Asylum Affairs, summarizing the findings of unidentified persons at the consulate. The consular report states that the investigation team "spoke with a senior hospital official" and "examine[d] admissions records." The consular report neither includes the name, title, or qualifications of this senior hospital official nor does it reveal the nature of the hospital's record-keeping. This description is insufficiently detailed to explain "the methods used to verify the information discovered." Id.

The IJ's adverse credibility determination is dependent on the consular report. The IJ did observe that "[t]he mere fact of the conflict of dates [regarding Ahmed's hospital

3

admission and service as the Jatiyo Party publicity head], regardless of whether the [medical document] was false or not, is sufficient to put [Ahmed's] credibility at risk." But this observation falls short of an adverse credibility determination independent of the consular report. The discrepancy in the date of Ahmed's hospital admission arises out of the consular report. The discrepancy in the date of Ahmed's service as the Jatiyo Party publicity head is too minor, even when aggregated with other discrepancies, to support an adverse credibility determination. See Diallo v. INS, 232 F.3d 279, 288 (2d Cir. 2000) ("Where an applicant's testimony is generally consistent, rational, and believable, disparities . . . need not be fatal, especially if the errors are relatively minor and isolated."). The IJ's adverse credibility determination thus cannot survive review absent reliance on the consular report, and remand is therefore appropriate. See Li Hua Lin v. U.S. Dep't of Justice, 453 F.3d 99, 111 (2d Cir. 2006) ("The more central errant finding was to the IJ's adverse credibility determination, naturally, the less confident we can be that remand would be futile.").

No other ground permits denial of the petition. An applicant who establishes past persecution on account of a protected ground is entitled to a presumption that he has a well-founded fear of future persecution on the same basis; the government bears the burden of rebutting this presumption by showing that changed circumstances render the applicant's fear unfounded. See Baba v. Holder, 569 F.3d 79, 86 (2d Cir. 2009) ("The law is clear that a showing of past persecution shifts the burden to the government on the question of the petitioner's well-founded fear of future persecution."). The IJ observed that even if Ahmed's testimony had been credible, Ahmed was not entitled to relief because of changed circumstances in Bangladesh. The IJ may have implicitly assumed that Ahmed established past persecution for purposes of her changed circumstances analysis, but she certainly did not make that assumption explicit. The resulting ambiguity precludes this Court from evaluating whether the IJ gave Ahmed the benefit of the presumption of a well-founded fear of future persecution. Remand is therefore appropriate. See Beskovic v. Gonzales, 467 F.3d 223, 227 (2d Cir. 2006) ("Whether or not Beskovic is entitled to a presumption of future persecution requires a determination . . . of whether he suffered past persecution. Because we cannot determine whether the IJ

4

correctly assessed Beskovic's claim of past persecution, we are stymied.").

For the foregoing reasons, the petition for review is **GRANTED** and the case is **REMANDED** to the agency for further proceedings consistent with this order. On remand, the agency may do one or more of the following: (i) allow the record to be reopened for further fact-finding related to the consular report; (ii) evaluate the record and any additional facts added to the record for discrepancies not relied on by the IJ, but sufficient to give rise to an adverse credibility determination independent of the consular report; and (iii) to assume past persecution, accord Ahmed the benefit of the presumption of a well-founded fear of future persecution, and determine whether the government has sustained its burden of demonstrating changed circumstances. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK